**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL R. F. SCHUMACHER,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES BETTA, *et al*,<br><br>Defendants. | Civil Action No. 22-6167 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Paul R. F. Schumacher's ("Plaintiff") Motion for Entry of Default Judgment against Defendants Charles Betta and Geoffrey Horn (collectively "Defendants"). The Court has carefully considered the Plaintiff's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

On October 19, 2022, Plaintiff filed a Complaint against Defendants.[1] (Compl., ECF No. 1.) On May 11, 2023, Plaintiff filed a Motion for Default Judgment, noting that Defendants have failed to respond or appear in this matter. (Pl.'s Moving Br. 1, ECF No. 9.) Upon the Court's

---

[1] Plaintiff utilized a process server, who attempted to personally serve Defendants at their residences on three separate occasions. (ECF Nos. 7, 8.) There was "no answer at [the] door" on the first two occasions for both Defendants. (*Id.*) On the third attempt, the process server "affixed [the documents] to the door after due diligence was performed" and additionally provided an "Affidavit of Service By Mail," confirming that Defendants were each mailed a copy of the Summons and Complaint via First Class Mail. (*Id.*) In a Text Order, this Court found the service of process acceptable pursuant to N.J. Ct. R. 4:4-4(a), which allows substitute modes of service so long as diligent efforts are used to serve Defendants and the modes of substituted service are consistent with due process of law. (ECF No. 11.)

Order, the Clerk of Court entered default against Defendants for failure to plead or otherwise defend the action. (ECF No. 11.)[2] Defendants have yet to respond.

Entry of default judgment is left to the district court's discretion. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because entry of default judgment does not resolve a plaintiff's claim on the merits, it is a disfavored remedy. *See Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)). Prior to entering default judgment, the Court must determine whether it has subject matter jurisdiction over the claims asserted and personal jurisdiction over the parties. *Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017) (citing *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010)). Pursuant to Federal Rule of Civil Procedure 8, "[a] pleading that states a claim for relief must contain: a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1).

Federal courts have limited jurisdiction and thus the lack of subject matter jurisdiction may be raised by the Court *sua sponte* at any time. *Perry v. Gonzales*, 472 F. Supp. 2d 623, 626 (D.N.J. 2007) (citing cases); *see also Gottipati v. Prasad*, No. 19-2086, 2020 WL 616169, at *1 (D. Del. Feb. 10, 2020) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." (quoting *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016))). Generally, there are three bases for federal subject matter

---

[2] Plaintiff's Motion for Default Judgment was filed before the clerk entered default. (*See* ECF No. 9.) Upon the Court's order and after the clerk entered default, Plaintiff's Motion for Default Judgment was reinstated. (ECF Nos. 11, 13.)

jurisdiction: (1) jurisdiction under a specific statutory grant, (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331, and (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *TM Mktg., Inc. v. Art & Antiques Assocs., L.P.*, 803 F. Supp. 994, 997 (D.N.J. 1992) (citation omitted). "In determining whether a *pro se* complaint asserts a valid basis for subject matter jurisdiction, the [c]ourt must be mindful to construe the complaint liberally in favor of the plaintiff." *Gottipati*, 2020 WL 616169, at *1 (citing *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007)).

Here, Plaintiff only discusses personal jurisdiction in his briefs. (*See* Compl.; Pl.'s Moving Br.) Plaintiff does not provide a basis for subject matter jurisdiction in his Complaint or his Motion for Default Judgment, and thus there is nothing in *pro se* Plaintiff's pleadings to liberally construe. *See Rayford v. Amazon Logistics, Inc.*, No. 21-20591, 2022 WL 4011037, at *3 (D.N.J. Sept. 2, 2022) ("[T]he Court need not speculate as Plaintiff, even *pro se*, bears the burden of adequate pleading."). Simply put, Plaintiff's Complaint and Motion for Default Judgment should have alleged the basis for the Court's jurisdiction.[3]

Based on the foregoing, and on the Court's inherent authority to control the matters on its docket:

**IT IS**, on this 26th day of October 2023, **ORDERED** as follows:

1. Plaintiff's Motion for Default Judgment is denied without prejudice for lack of subject matter jurisdiction.

2. Plaintiff has until **November 26, 2023** to refile a motion for default judgment, stating the grounds for this Court's subject matter jurisdiction.

---

[3] The Court further notes that Plaintiff cites two court judgments as the basis for his relief—the final judgment from the District Court for the Southern District of Texas, and the final judgment from the Brazos County, Texas court. Both judgments are against Capital Advance Solutions, LLC. (ECF Nos. 9-3, 9-4.) Plaintiff fails to demonstrate how individual Defendants are individually responsible for the judgments against Capital Advance Solutions, LLC.

3. Plaintiff must serve a copy of this Memorandum Order upon Defendants by October 31, 2023 and submit proof of service by November 2, 2023.

4. Plaintiff must serve a copy of his renewed motion for default judgment on Defendants **within three days of filing the renewed motion** and submit proof of service to this Court **within three days of service**.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE