**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PAUL R.F. SCHUMACHER, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES BETTA, *et al.*, <br><br> Defendants. | Civil Action No. 22-6167 (MAS) (TJB) <br><br> **MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Paul R.F. Schumacher's ("Plaintiff") Motion for Reconsideration (ECF No. 33) of this Court's November 3, 2025, Memorandum Opinion (the "Opinion") (ECF No. 31) and Order (ECF No. 32) denying Plaintiff's Renewed Third Motion for Default Judgment against Defendants Charles Betta ("Betta") and Geoffrey Horn ("Horn," and collectively with Betta, "Defendants") (ECF No. 30). The Court has carefully considered Plaintiff's submission and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons stated below, the Court denies Plaintiff's Motion for Reconsideration.

In support of his Motion for Reconsideration, Plaintiff, proceeding *pro se*, argues that the Court's Opinion "denying Plaintiff's motion for default judgment relied on facts which were incorrectly understood or analyzed . . . and did not take into account the relevance of the intentional tort and fraudulent transfers as well as the depth of personal participation which would attach personal liability to both [D]efendants[.]" (Pl.'s Moving Br. 11-12, ECF No. 33.) As a result, Plaintiff requests that the Court: (1) "not hold . . . [D]efendants' actions against [P]laintiff for this

'disfavored' option[,]" *i.e.*, default judgment ; (2) "reconsider its finding that . . . [D]efendants did not personally receive funds from the transfer"; (3) "stop applying corporate shield to [D]efendants when they violated the conditions of that principle by intentionally committing a tort and then a series of fraudulent withdrawals and reconsider its analysis in that light"; (4) "reconsider what jurisdiction it considers appropriate for a joint lawsuit against these two partners"; (5) "reexamine the depth of Betta's involvement in the telemarking, . . . and find that he was actively and personally overseeing and directing the conduct in question, as he himself claims he did"; (6) "revise its opinion on the definition of telemarketer under Texas law to comport with both the legislation defining it and the state and federal court decisions that found this behavior constituted telemarketing (and unlawfully so)"; and (7) "keep in mind that this action has been continuous by [P]laintiff since 2016 and not impute the length of the timeline to . . . [P]laintiff when [the delays] were solely due to the process and the actions of the [D]efendants." (*Id.* at 2, 4, 6-9, 11.)

Local Civil Rule 7.1 governs motions for reconsideration.[1] *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21, 2011) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610,

---

[1] Plaintiff states that he brings his motion pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6) (hereinafter, "Rule 60"). (*See* Pl.'s Moving Br. 1.) "The Federal Rules of Civil Procedure[, however,] do not expressly recognize motions for reconsideration." *Morton*, 2011 WL 2975532, at *1. Rather, Rule 60 provides that "the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding" in a case where there was "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), 60(b)(6) (emphasis added). Here, Plaintiff is merely asking the Court to reconsider its prior Opinion denying Plaintiff's motion for a default judgment, an opinion which does not constitute a final judgment or order. *See, e.g., Gurri Rubio v. Mullin*, No. 25-2756, 2026 WL 1194557, at *4 (D. Md. May 1, 2026) ("[Plaintiff's] request for Rule 60(b)(1) relief as to the Court's denial of his motion for default judgment fail[ed] because the denial does not constitute a 'final' judgment.")); *In re Wright*, 493 F. App'x 284, 285 (3d Cir. 2012) (recognizing that "[a] denial of a motion for a default judgment" is not a "final decision" (citations omitted)). Even if Rule 60(b) was applicable, the Court does not find that such "extraordinary justifying circumstances are present" for at least the same reasons the Court identifies for why Plaintiff fails under Local Civil Rule 7.1. *See Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991).

2

612 (D.N.J. 2001)). Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or [to] prevent manifest injustice." *Morton*, 2011 WL 2975532, at *2 (quoting *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004)). It is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 612-13. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (citations omitted).

Reconsideration is not warranted here.[2] First, Plaintiff presents nothing to suggest that there has been an intervening change in controlling law. (*See generally* Pl.'s Moving Br.) Second, Plaintiff presents nothing to suggest that there is new evidence that was not previously available. (*See generally id.*) Third, Plaintiff presents nothing to suggest that there is a need to correct a clear error of law or fact to prevent manifest injustice. (*See generally id.*) Plaintiff, instead, asks the Court to rethink what it has already thought through in its Opinion. (*See generally* Nov. 3, 2025,

---

[2] Local Civil Rule 7.1 provides that "a motion for reconsideration shall be served and filed within [fourteen] days after the entry of the order or judgment on the original motion by the Judge." L. Civ. R. 7.1. Plaintiff did not comply with that deadline, but because Plaintiff is proceeding *pro se*, the Court considers the untimely motion and addresses why it fails on the merits. *See Morton*, 2011 WL 2975532, at *4 n.2 ("A court may relax the timeline for filing a motion for reconsideration to prevent injustice where a *pro se* litigant is involved." (citing *Malik v. Hannah*, No. 05-3901, 2007 WL 38755, at *1 (D.N.J. Jan. 3, 2007)).

Mem. Op., ECF No. 31.) The Court, however, is satisfied that it thoroughly addressed Plaintiff's motion for default judgment.

First, with respect to Horn, the Court found that it does not have personal jurisdiction over Horn because the "Amended Complaint is void of allegations of Horn's individual conduct that would subject him to specific jurisdiction here." (*Id.* at 7 (citing *MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 850 (3d Cir. 2003)). Moreover, the Court noted that Plaintiff even "concede[d] that 'Horn's direct involvement [in his individual capacity] is less known' and, as a result, '[P]laintiff can only speculate and assume that Horn also knew about and profited from the violations [alleged in the Amended Complaint] as half-owner of the company.'" (*Id.* (citation omitted).)

Second, with respect to the analysis of the claims as asserted against Betta, the Court found that Plaintiff failed to establish a legitimate cause of action. (*See id.* at 8-12.) Specifically, the Court found that, with respect to Plaintiff's claim brought pursuant to the Telephone Consumer Protection Act (the "TCPA"), Plaintiff failed to allege facts that could "establish that Betta personally participated in the alleged calls or that Betta actively oversaw and specifically directed the calls take place" such that Betta could be *individually* liable under the TCPA.[3] (*Id.* at 10 (first citing *Zelma v. Penn LLC*, No. 19-8725, 2020 WL 278763, at *4 (D.N.J. Jan. 17, 2020) (rejecting "extrapolation" that defendant's position as co-founder and CEO showed personal involvement in unlawful conduct); and then citing *Cunningham v. Cap. Adv. Sols., LLC*, No. 17-13050, 2018 WL 6061405, at *5 (D.N.J. Nov. 20, 2018) (finding plaintiff's general allegations that the individual defendants "authorized, oversaw[,] and directed the challenged telemarketing calls, based solely

---

[3] The Court further acknowledged that "[t]he Third Circuit has noted that 'there is a real question as to whether [corporate officers acting in their corporate capacity] can be held liable under the [TCPA] at all.'" (Nov. 3, 2025, Mem. Op. 9 (citations omitted)).

4

upon their status as corporate officials" failed to demonstrate that individual defendants were more than "tangentially involved" with the calls (internal quotation marks omitted)).) Moreover, with respect to Plaintiff's claim brought under the New Jersey Uniform Voidable Transactions Act (the "NJUVTA"), the Court found that Plaintiff did not adequately allege facts to show that Betta, in his individual capacity, was the "first transferee of the asset," a requirement under the NJUVTA. (*Id.* at 2, 11-12 (citing N.J. Stat. Ann §§ 25:2-21, 25:2-30(b).)

As such, the Court is satisfied with its analysis and conclusion that Plaintiff did not adequately establish a legitimate cause of action against Betta pursuant to the TCPA or the NJUVTA. The Court has not found any "dispositive factual matters or controlling decisions of law" that it overlooked that would warrant coming to a different conclusion. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (citations omitted). Plaintiff's request that the Court otherwise "reconsider," "reexamine," or "revise" its Opinion to keep Plaintiff's arguments in mind (*see* Pl.'s Moving Br. 4, 6-9, 11) is, therefore, denied. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 ("It is improper on a motion for reconsideration to 'ask the court to rethink what it ha[s] already thought through-rightly or wrongly.'" (alteration in original) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990))).

Accordingly,

IT IS, on this 13th day of July 2026, **ORDERED** as follows:

1.     Plaintiff's Motion for Reconsideration (ECF No. 33) is **DENIED.**

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

5